IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUSTIN A. BUCKLER and LONDON MORTON, Individually and on behalf of other employees similarly situated<br><br>Plaintiff<br><br>v.<br><br>BROTHERS, MOTHERS & OTHERS CORPORATION d/b/a CYPRESS GRILLE<br>Defendant | § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:17-CV-603<br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Brothers, Mothers & Others Corporation d/b/a Cypress Grille (Defendant) failed to pay minimum wage to Justin Buckler, London Morton and other similarly situated employees (collectively, the Wait Staff) as required by the Fair Labor Standards Act. Specifically, Defendant took a credit for tips received by the Wait Staff, and therefore only paid the Wait Staff $3.00 an hour. However, Defendant was not eligible to take a credit for the Wait Staff tips, because (1) Defendant failed to inform the Wait Staff of the legal requirements for a valid tip credit, and (2) because the Wait Staff shared their tips with non-tipped employees. Accordingly, the Wait Staff bring this action against Brothers, Mothers & Others Corporation to recover unpaid minimum wages, as well as liquidated damages, attorneys' fees and costs. Plaintiff Justin Buckler additionally seeks to recover damages for

unlawful retaliatory termination of employment in violation of 29 U.S.C. § 215.

## JURISDICTION AND VENUE

2. This Court has jurisdiction because the Wait Staff claims and Plaintiff Buckler's retaliation claims arise under federal law.

3. Venue is proper because the Defendants reside in this District and a substantial part of the acts and omissions giving rise to the claims occurred in this District

## THE PARTIES

4. At all relevant times, Justin Buckler, London Morton and similarly situated individuals (herein "Wait Staff") were employed by Defendant within the meaning of the FLSA and were engaged in commerce. The Wait Staff were not paid the applicable minimum wage for all hours worked.

5. Plaintiff Justin Buckler resides in Kendall County, Texas.

6. Plaintiff London Morton resides in Kendall County, Texas.

7. Defendant Brothers, Mothers & Others Corporation d/b/a Cypress Grille is a Texas corporation that conducts business in the State of Texas. Defendant may be served by serving its registered agent Paul G. Thompson, 170 S. Main St. Boerne, TX 78006, or at any other place he may be found. Defendant Brothers, Mothers & Others Corporation d/b/a Cypress Grille is, or is part of, an enterprise engaged in commerce and is subject to the FLSA.

## COVERAGE OF THE FLSA

8. At all material times, Defendant has been an employer within the meaning of the FLSA.

9. At all material times, Defendant has operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

10. At all material times, Plaintiffs were engaged in commerce as required by the FLSA. Like the Plaintiffs, the members of the Wait Staff were employees engaged in commerce or in the production of goods for commerce in performing their duties for the Defendant.

## THE WAIT STAFF ALLEGATIONS

11. Justin Buckler and London Morton were both employed as waiters by Defendant at Cypress Grille in Boerne, Texas. The Wait Staff job duties included serving meals to customers.

12. Defendant paid the Wait Staff three dollars and no cents ($3.00) per hour.

13. Defendant paid this wage rate, based on the assumption that Defendant could take a credit for the remaining minimum wage, for the tips received by the Wait Staff.

14. However, Defendant did not inform the Wait Staff of the legal requirements for a valid tip credit under 29 U.S.C. § 203(m), and therefore is not entitled to claim a tip credit.

15. In addition, Defendant required the Wait Staff to share tips in a tip pool that included kitchen staff and management.

16. The kitchen staff worked in the kitchen preparing food in support of the restaurant. Neither the kitchen staff nor Defendant's management customarily and regularly receive tips from the customers.

17. Therefore, Defendant is not entitled to a credit against the minimum wage for tips

received, because the Wait Staff did not retain all of their tips.

18. The Defendant's tip pooling arrangement deprives the Defendant of the right to claim a tip credit.

19. During the time that Defendant employed the Wait Staff, the legal minimum wage was $7.25 per hour.

20. The Defendant paid the Wait Staff only $3.00 per hour, and therefore failed to pay the minimum wage.

21. The Wait Staff were at all times non-exempt employees under the Fair Labor Standards Act.

22. Defendant knew or showed reckless disregard for whether its payroll practices violated the minimum wage and overtime provisions of the Fair Labor Standards Act.

## FIRST CAUSE OF ACTION: FAILURE TO PAY MINIMUM WAGE

23. The Wait Staff incorporate the allegations in the preceding paragraphs.

24. As set forth above, Defendant violated the FLSA by failing to pay the Wait Staff minimum wage. Accordingly, the Wait Staff are entitled to recover their unpaid minimum wages.

25. Under the FLSA, the Wait Staff are entitled to an amount equal to their unpaid minimum wages as liquidated damages, as well as reasonable attorneys' fees and costs of court.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs file this case an "opt-in" class action as specifically allowed by 29

U.S.C. §216(b).

27. The class that the Plaintiffs seek to represent may be described as follows:

> All current and former waiters (1) who worked at Cypress Grille in Boerne during the class period and (2) who claim they were not paid the minimum wage and seek payment of these wages ("the Wait Staff").

28. Plaintiffs seek to represent only those members of the above-described group who, after appropriate notice of their ability to opt-in to this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. §216(b).

29. Those persons who choose to opt in, hereinafter referred to as the "Plaintiff Class" will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated here by reference.

30. Plaintiffs contend that this action is appropriate for class action status because the Defendant herein has acted in the same manner with regard to all of the Wait Staff.

31. The other Wait Staff are similarly-situated to Plaintiffs and are owed wages for the same reasons as the Plaintiffs. These employees should be notified of this case and given the opportunity to join this suit.

32. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

33. Thus, from observing his co-workers, and from conversations with them, Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

34. Other, similarly-situated employees are being denied their lawful wages.

35. Other, similarly-situated employees are having less than their full work hours

recorded by Defendant.

36. Accordingly, Defendant's pattern or practice of failing to pay the employee's minimum wage as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the members of the Wait Staff.

37. Thus, Plaintiff's experience is typical of the experience of the Wait Staff.

38. The specific job titles or job requirements of the various members of the Wait Staff do not prevent collective treatment.

39. All non-managerial wait staff employees of Defendant, who are denied minimum wages, are similarly-situated.

40. Although the issue of damages may be individual in character, the facts related to liability are common to the Wait Staff.

41. Plaintiff and the Plaintiff Class seek an amount of back pay equal to the amount of their unpaid minimum wages which have been unlawfully withheld in a period beginning three years prior to the filing of this lawsuit and continuing until the date of trial.

42. Plaintiff and the Plaintiff Class are entitled to recover attorneys' fees and costs of this action as provided by the Fair Labor Standards Act, 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION: RETALIATION**

43. Plaintiff Buckler incorporates the allegations set forth above in the preceding paragraphs.

44. This count sets forth a claim for declaratory relief and damages for Defendant's

violations of the FLSA's anti-retaliation provisions.

45. Plaintiff Justin Buckler reported and complained to the Defendant orally on numerous occasions from February 2016 to February 2017. He also presented Defendant with materials he printed from the U.S. Department of Labor to inform and demonstrate to the Defendant that it's tip pooling practices violated the FLSA. In February 2017, Buckler filed a formal complaint against Defendant with the United States Department of Labor, alleging violations of the Fair Labor Standards Act by Defendant. The fact that he filed this complaint was known and became a topic of discussion among the employees at the restaurant. On information and belief, Defendant's management and or owners were aware of Buckler having filed this complaint.

46. The above reports and complaints constituted protected activity under the FLSA.

47. On February 14, 2017, Plaintiff Buckler was escorted outside of Defendant's facility following his shift by Defendant's owner, Paul Thompson. Outside, two Boerne police officers were waiting. Paul Thompson then fired Justin Buckler in retaliation for his prior reports and complaints regarding Defendant's FLSA violations.

48. As a result of Defendant's unlawful and retaliatory conduct as described above, Plaintiff Justin Buckler suffered substantial damages.

49. As a result of Defendant's retaliation in violation of the FLSA, Plaintiff Justin Buckler is entitled to recover damages that arose as a result of Defendant's actions, including lost wages, compensatory damages, and any other legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3), pursuant to 29 U.S.C. § 216(b), including reinstatement.

## JURY TRIAL

50. The Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, the Plaintiffs request that this Court award them and the Plaintiff Class Wait Staff judgment against Defendant for:

a. their unpaid minimum wages;

b. an equal amount as liquidated damages;

c. back pay, front pay, and compensatory damages as to Plaintiff Buckler with regarding to his claim for retaliation;

d. Reasonable attorneys' fees, costs, and expenses of this action; and

e. such other and further relief as may be allowed by law.


Respectfully submitted,

*/s/ Christopher McKinney*
**CHRISTOPHER MCKINNEY**
State Bar No. 00795516
The McKinney Law Firm, P.C.
110 Broadway Street, Suite 420
San Antonio, Texas 78205
Telephone:  (210) 832-0932
Facsimile:  (210) 568-4101
*chris@themckinneylawfirm.com*
**COUNSEL FOR PLAINTIFFS**