IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUSTIN A. BUCKLER AND LONDON MORTON, INDIVIDUALLY AND ON BEHALF OF OTHER EMPLOYEES SIMILARLY SITUATED, | § § § § § | 5-17-CV-00603-OLG-RBF |
| *Plaintiffs*, | § § | |
| vs. | § § | |
| BROTHERS, MOTHERS, & OTHERS CORPORATION, D/B/A CYPRESS GRILLE; AND PAUL G. THOMPSON, | § § § § § | |
| *Defendants*. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' Motion for Conditional Certification. Dkt. No. 32. This Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*., putative collective action was referred to the undersigned for disposition of all pretrial matters pursuant to Rules CV-72 and 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. No. 10. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g., Esparza v. C&J Energy Servs., Inc*., No. 5:15-CV-850-DAE, 2016 WL 1737147, at *1 (W.D. Tex. May 2, 2016) (noting conditional certification involves non-dispositive issues).

Although Plaintiffs' Motion was filed as "opposed," Defendant Brothers, Mothers & Others Corporation d/b/a Cypress Grille has not filed a response in opposition. Local Rule CV-7(e)(2) provides that "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." Accordingly, having considered the Motion, Dkt. No. 32, the non-opposition, the relevant law, and the pleadings, the Court **GRANTS IN PART**

Plaintiffs' Motion for Conditional Certification, Dkt. No. 32, as specified herein. The parties are directed to meet and confer regarding the substance of a proposed notice to the potential opt-in plaintiffs and the method of delivery for that notice.

I. **Background**

Plaintiffs Justin Buckler and London Morton initiated this action against Brothers on July 7, 2017. *See* Compl. Brothers is a Texas corporation that operates as a restaurant known as Cypress Grille. *Id.* Buckler and Morton are former waiters at Brothers' Cypress Grill restaurant in Boerne, Texas. *Id.* On May 30, 2018, Plaintiffs amended their Complaint with leave of court to name Brothers' corporate officer and senior manager Paul Thompson as a Defendant in his individual and corporate capacity. *See* Amend. Compl. Plaintiffs allege that during their tenure with Brothers they and other wait staff were paid $3.00 per hour. *Id.* Plaintiffs allege that Defendants violated the FLSA by failing to inform wait staff of the legal requirements for a valid tip credit under 29 U.S.C. 203(m) and requiring wait staff to share tips in a tip pool that included kitchen staff and management. Buckler also alleges that he was retaliated against after reporting and complaining about Brothers' unlawful tip-pooling practices. *Id.*

By their motion for conditional certification, Plaintiffs request that the Court conditionally certify a class of "[a]ll current and former employees of Brothers, Mothers & Others Corporation d/b/a Cypress Grille . . . who worked as a waiter at any time during the period of June 25, 2015 to present." *Id.* at 15; *see also* Ex. A to Mot. Although Plaintiffs moved for conditional certification almost a year after originally filing suit, it does not appear as though much, if any, discovery occurred prior to the filing of the Motion. *See, e.g.*, Dkt. No. 34 (requesting an extension of the discovery deadline on the grounds that the discovery process has been delayed due to the filing of the motion for conditional certification). Defendants' response

to Plaintiffs' Motion was due on or before July 3, 2018. *See* Local Rule CV-7(e). No response has been filed.

> II. **Analysis**

*Legal Standard for Conditional Certification.* The FLSA permits lawsuits against employers on behalf of individual plaintiffs that are current or former employees, or as collective actions on behalf of others who are "similarly situated." *See* 29 U.S.C. §§ 215-16. Establishing through conditional certification that others are "similarly situated" facilitates notice to potential class members and provides them instructions on joining the lawsuit. This notice and opportunity to join are made available because, unlike class actions under Federal Rule of Civil Procedure 23, FLSA collective actions proceed on an "opt-in" rather than "opt-out" basis. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2010); *see also Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010); 29 U.S.C. § 216(b). District courts enjoy discretion to decide whether and how to issue notices for potential plaintiffs to opt-in to FLSA collective actions, *see, e.g.*, *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n. 10 (2d Cir. 2010), and to modify proposed classes if, for example, they are overly broad, *see Baldridge v. SBC Commc'ns, Inc.,* 404 F.3d 930, 931-32 (5th Cir. 2005).

The Fifth Circuit has used two approaches to the "similarly situated" question for FLSA collective-actions. *See Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-24 (5th Cir.1995), *overruled in part on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003). One approach uses Rule 23, as discussed in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). The other involves a two-stage conditional certification process. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Plaintiffs embrace this latter two-stage *Lusardi* approach. Although the Fifth Circuit has not definitively adopted either approach, the majority of

lower courts in the circuit use the *Lusardi* approach, and the Court will do so here. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 (5th Cir. 2010); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Tolentino*, 716 F. Supp. 2d at 646 (collecting cases).

*Lusardi*'s two stages are: (1) the notice stage, and (2) the decertification stage. *See Sandoz*, 553 F.3d at 915 n.2. It is the initial notice-stage inquiry that is at issue here.

"Because the court has minimal evidence" at the notice stage, the notice-stage conditional-certification "determination is made using a fairly lenient standard[] and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214 n. 8. The inquiry is essentially limited to the pleadings and any supporting affidavits. *Hernandez v. Robert Dering Constr., LLC*, 191 F. Supp. 3d 675, 680 (S.D. Tex. 2016). Courts look for whether aggrieved individuals are similarly situated "in relevant respects given the claims and defenses asserted," which typically "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214 & n.8 (internal quotation marks omitted); *Tolentino*, 716 F. Supp. 2d at 647. Plaintiffs seeking conditional certification must also show "there is a reasonable basis for crediting the assertion that aggrieved individuals exist" and "those individuals want to opt in to the lawsuit." *Tolentino*, 716 F. Supp. 2d at 647.

*Conditional Certification*. Plaintiffs have satisfied the "modest factual showing" required to show that they and other potential plaintiffs are "similarly situated." *Vargas v. HEB Grocery Co., LP*, No. SA-12-CV-116-XR, 2012 WL 4098996, at *2 (W.D. Tex. Sept. 17, 2012); *see also Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009). In a wage-and-hour case, like this one, the proposed class must be "similarly situated in terms of job requirements

4

and similarly situated in terms of payment provisions." *Mathis v. Stuart Petroleum Testers, Inc.*, No. 5:16-CV-094-RP, 2016 WL 4533271, at *2 (W.D. Tex. Aug. 29, 2016) (citing *Pedigo*, 666 F. Supp. 2d at 698). Plaintiffs have shown as much here. Buckler has submitted a declaration sworn under penalty of perjury explaining that he worked as a waiter at Cypress Grille for just over a year, from 2016 to 2017, and that the primary job of all waiters at Cypress Grille consisted of "serv[ing] meals to customers." Buckler Decl. ¶ 2. Buckler attests that he was paid $3.00 per hour by Defendants and also received tips from customers. *Id.* ¶ 3. He was, however, "required to share [his] tips in a tip pool that included kitchen staff and management"— individuals who did not customarily receive tips directly from customers. *Id.* ¶ 3-4. According to Buckler, "[a]ll of the waiters at Cypress Grille had the same job duties as [he] did— namely, serving food to customers of the restaurant. All waiters were required to share their tips in a tip pool that included kitchen staff and management[,] [and] [a]ll of the waiters were paid the same $3.00 per hour base pay." *Id.* ¶ 5. This is sufficient to show, for conditional-certification purposes, that Plaintiffs and putative class members "performed the same basic tasks as part of their employment and were subject to the same pay decisions, policies, or practices." *Mathis*, 2016 WL 4533271, at *2 (citing *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex. 2011)). Accordingly, the Court finds Plaintiffs have made the "modest factual showing" that they are similarly situated in terms of job requirements and payment provisions.

The Court notes that Plaintiffs allege in their live pleadings that Brothers also violated the FLSA by failing to inform its wait staff of the legal requirements for a valid tip credit under 29 U.S.C. 203(m), but Plaintiffs also failed to submit any evidence on this issue. As a practical matter, however, this appears to be a distinction without a difference when considering the putative class; any individual who suffered this violation would likely also be a member of the

proposed putative class. Given Defendants' failure to file a response opposing conditional certification, conditional certification is appropriate under these circumstances.

*Others Aggrieved Who Would Like to Join the Lawsuit.* There is a reasonable basis for crediting Plaintiffs' contention that aggrieved individuals exist and want to opt-in to the lawsuit, which satisfies the final of the remaining requirements for conditional certification. *Tolentino*, 716 F. Supp. 2d at 647. Two Plaintiffs, Buckler and Morton, initiated this litigation, and since the filing of this lawsuit on July 7, 2017, an additional individual has opted-in. *See* Dkt. No. 7. Buckler also attests that he has "spoken with several other waiters of the Cypress Grille who wish to join this lawsuit but may fear losing their jobs" by opting-in, in part because Buckler himself alleges he was terminated for contesting Brothers' alleged invalid tip pooling practice. Buckler Decl. ¶ 6. Accordingly, Plaintiffs have met their burden of showing other allegedly aggrieved individuals to opt-in to this suit.

*Meet and Confer on the Notice and Its Method of Delivery.* In addition to conditionally certifying a class of all current and former employees who worked as a waiter for Defendant at any time during the period of June 25, 2015 to the present, Plaintiffs request that the Court do the following: (1) approve their proposed notice and consent form, Exs. A & B to Mot.; (2) order Brothers to produce within 10 days of granting the motion the following information in electronic format: the names, all known addresses, all phone numbers, dates of birth, all known email addresses, social security numbers, and dates of employment for all class members employed from three years prior to the filing of this lawsuit to the present, Mot. at 11; (3) approve the method of delivery of the notices and consent forms and timeline, *id.* at 12-15; (4) permit the putative class members to execute their consent forms electronically via a service

called Adobe E-Sign, *id.* at 13-14; and (5) permit class members 60 days to opt-in to this litigation, *id.* at 15.

"Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989). The form and content of a court-authorized notice, however, are left to the broad discretion of the trial court. *Id.* at 170 ("We decline to examine the terms of the notice . . . We confirm the existence of the trial court's discretion, not the details of its exercise."). To promote efficiency, the parties are ordered to meet and confer within seven (7) days from the date of this order on the issue of notice (including such issues as the information Brothers must produce to Plaintiffs,[1] the contents of the notice, how it should be disseminated, the timing of the notice and the opt-in period, and the method for opting-in to this litigation). If the parties successfully reach agreement on these issues, they should jointly notify the Court. If there is partial agreement, the parties should jointly notify the Court and in their joint advisory spell out their respective disputed positions. Matters requiring resolution by the Court should be raised via motion.

### III. Conclusion

For the reasons discussed above, the Court now enters the following orders:

**IT IS ORDERED** that Plaintiffs' Motion for Conditional Certification, Dkt. No. 32, is **GRANTED IN PART** as follows:

---

[1] Plaintiffs should be advised that due to privacy and security concerns, the Court is unlikely to order Brothers to disclose the full social security number or date of birth for each member of the putative class, particularly if Plaintiffs will have other means (such as email addresses and telephone numbers) to contact putative class members. *See White v. Integrated Elec. Techs., Inc.*, No. 12-359, 2013 WL 2903070, at *10 (E.D. La. Jun. 13, 2013) (refusing to require the defendant to disclose even the last four digits of the putative class members' social security numbers where plaintiffs had a "wealth of other information," including e-mail addresses, to contact these individuals).

1. The Court hereby conditionally certifies a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216. It will be comprised of all current and former employees of Brothers, Mothers & Others Corporation d/b/a Cypress Grille who worked as wait staff at any time during the period of June 25, 2015 to the present.

2. Within **seven (7) days** from the date of this Order, the parties are required to meet and confer regarding the issue of notice. If the parties reach an agreement, they should notify the Court and jointly submit to the Court for approval their proposed notice. If there are portions of the notice or other related issues on which the parties do not agree, which require Court resolution, they should submit their respective positions to the Court via motion.

3. **IT IS FINALLY ORDERED** that any relief requested not expressly granted herein is **DENIED**.

    **IT IS SO ORDERED**.

    SIGNED this 18th day of September, 2018.

    _____
    RICHARD B. FARRER
    UNITED STATES MAGISTRATE JUDGE